UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hannah E. Arnold,<br>　　Plaintiff,<br><br>　　　　v.<br><br>Divisions, Inc. d/b/a Divisions Maintenance Group,<br>　　Defendant. | CASE NO.: 2:25-cv-13506-RMG-MHC<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, gender discrimination, as amended, on the basis of sex (female), in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), and in violation of the Pregnant Workers Fairness Act (42 U.S.C. §2000gg).

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

　　a.　A charge of employment discrimination on basis of sex/gender discrimination, pregnancy discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

　　b.　Notification of the Right to Sue was received from EEOC on or about September 15, 2025.

　　c.　This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Hanah E. Arnold, at all relevant times herein, is a citizen and resident of the State of South Carolina, and resided in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Divisions, Inc. d/b/a Divisions Maintenance Group, is a foreign corporation organized in the State of Kentucky and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), and Pregnant Workers Fairness Act (42 U.S.C. §2000gg).

1

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e, Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), and Pregnant Workers Fairness Act (42 U.S.C. §2000gg).

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), and Pregnant Workers Fairness Act (42 U.S.C. §2000gg).

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about October 16, 2023, Plaintiff began working for Defendant as a Business Development Executive and more recently as a Territory Account Executive. That at all times relevant, the Plaintiff was effective and efficient at her work.

11. On or about June 7, 2024, Plaintiff was informed her personnel manager, Nadia Benraiss, that she was pregnant.

12. Shortly after notifying Ms. Benraiss, she came to Charleston and requested that Plaintiff switch Teams due to Plaintiff's pregnancy. Ms. Benraiss also made the comment to the Plaintiff, "I don't need you quitting on me when you give birth."

13. After the meeting with Ms. Benraiss, the Plaintiff contacted the employer's third-party hotline to report the discrimination by Ms. Benraiss.

14. After the Plaintiff's report of discrimination, the employer's sales quota came out. It showed that two of Plaintiff's similarly situated male coworkers were given additional time to meet their quota, whereas the Plaintiff was not.

15. On or about July 19, 2024, Plaintiff was terminated from employment. The reasons for Plaintiff's termination were pretextual in nature and the real reason was Plaintiff's pregnancy, gender, and sex.

16. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Pregnancy Discrimination Act – Discrimination

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. The Plaintiff is a member of a protected group on the basis of her pregnancy. The Plaintiff was an employee in a position for which she was qualified, became pregnant and was discriminated against due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

19. The Defendant was wanton and intentional in the discrimination against the Plaintiff in the following particulars, to wit:

    a. In discriminating against the Plaintiff due to her pregnancy;

    b. In treating the Plaintiff less favorably with respect to her compensation, terms, conditions, or privileges of employment due to her pregnancy; and

    c. In other particulars which discovery may show.

20. Because of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered severe emotional distress.

21. The Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

22. The Plaintiff's pregnancy was a determining factor in the disparate treatment and discrimination against her.

23. As a direct and proximate result of the acts and practices of the Defendant in the discrimination of the Plaintiff, she has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
**Violation of Title VII - Gender Discrimination**

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

26. Plaintiff had satisfactory job performance while she worked for the Defendant.

27. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

28. Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to her gender and sex (female);

    b. In discharging Plaintiff due to her gender and sex (female); and

    c. In discharging Plaintiff for reporting gender discrimination and inappropriate behaviors.

29. That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and Equal Employment Opportunity Act.

30. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

31. As a direct and proximate result of Defendant's discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

32. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

33. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

34. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Violation of Pregnant Workers Fairness Act

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. At all times the Plaintiff was performing her job satisfactorily.

37. The Plaintiff is a member of a protected group on the basis of her pregnancy.

38. The Plaintiff was discriminated against and denied reasonable accommodations due to her pregnancy in violation of the Pregnant Workers Fairness Act (42 U.S.C. §2000gg).

39. Similarly situated female employees received preferential treatment by being able to be accommodated with light duty without the repercussions to which the Plaintiff was subjected, due to her pregnancy.

40. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

41. The Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to provide reasonable accommodation to the Plaintiff due to her pregnancy;

   b. In failing to continue to employ the Plaintiff due to her pregnancy; and

   c. In discharging the Plaintiff due to her pregnancy as a result of her opposing the Defendant's unlawful employment practices and filing reports of the discrimination with the EEOC.

42. The Defendant violated the Pregnant Workers Fairness Act (42 U.S.C. §2000gg), by allowing the pregnancy discrimination and preferential treatment, and retaliation to exist in the workplace.

43. That in failing to protect the Plaintiff from pregnancy discrimination, and retaliation or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Pregnant Workers Fairness Act (42 U.S.C. §2000gg) and Equal Employment Opportunity Commission.

44. As a direct and proximate result of the Defendant's discrimination on the basis of pregnancy, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

45. The Defendant's employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

46. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

### FOR A FOURTH CAUSE OF ACTION
#### Retaliation

47. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her sex, gender, and pregnancy, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964,

as amended (42 U.S.C. § 2000e *et seq*.), Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), the Pregnant Workers Fairness Act (42 U.S.C. §2000gg), and the Equal Employment Opportunity Act.

49. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), and the Pregnant Workers Fairness Act (42 U.S.C. §2000gg), and the Equal Employment Opportunity Act.

50. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

51. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

52. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **REQUEST FOR RELIEF**

53. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

54. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay, and other work benefits.

55. Because of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

6

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
November 21, 2025